UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

RANDY JOSEPH, and other similarly
situated individuals,

          Plaintiff(s),

v.                            CASE NO. 1:15-cv-23775-PCH

CANAL MANAGEMENT, INC., a Florida
Profit Corporation, ANTHONY
ASKOWITZ, individually,

          Defendants.
_____/

**JOINT MOTION FOR *IN CAMERA* REVIEW AND JUDICIAL APPROVAL
OF THE PARTIES' CONFIDENTIAL SETTLEMENT AGREEMENT
AND DISMISSAL OF THE ACTION**

      The parties, Plaintiff Randy Joseph ("Plaintiff") and Defendants Canal Management, Inc., and Anthony Askowitz ("Defendants"), hereby respectfully request that the Court review *in camera* and approve the parties' Confidential Settlement Agreement and dismiss the action. In support of this Motion, the parties state as follows:

      1.     On October 8, 2015, Plaintiff initiated this action against Defendants alleging that Defendants failed to properly compensate him under the Fair Labor Standards Act ("FLSA") by not paying him at a rate of 1.5 times his regular rate of pay for hours worked over forty in a work week.

      2.     Plaintiff and his counsel believe that the cause of action, allegations, and contentions asserted in this action have merit and that he was improperly compensated.

Defendants vigorously deny each and every one of Plaintiff's allegations, and denies that he is entitled to any additional compensation because he was properly paid for all hours worked.

3.    The parties and their counsel recognize and acknowledge the expense of continued lengthy proceedings to prosecute and defend this action, the uncertainty and risk of any litigation, as well as the difficulties and delays inherent in such litigation.

4.    Accordingly, the parties have entered into a Confidential Settlement Agreement (the "Agreement") to resolve Plaintiff's claim.  Pursuant to applicable Eleventh Circuit case law, the Court is empowered to review and approve the provisions of settlement agreements in FLSA cases.  *See Lynn Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982).  Given that the parties have agreed that the terms reflected in the Agreement are mutually satisfactory and represent a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions, as evidenced by the Agreement, the parties respectfully request that the Court approve the Agreement.

5.    In support of the request for approval of the Agreement, Plaintiff's counsel submits that he and Plaintiff are satisfied that Plaintiff will be reasonably compensated under the terms of the Agreement for the alleged unpaid overtime to which he claims he is entitled. Additionally, Plaintiff's counsel acknowledges that:  (a) Plaintiff fully understands the Agreement; (b) the Agreement specifically applies to a knowing and voluntary release of the relevant and specified rights and claims Plaintiff may have against Defendants; and (c) Plaintiff has consulted with his counsel of record before signing the Agreement and has entered into it knowingly and voluntarily.

6.    The Agreement contains a strict confidentiality provision, which is an essential term of the parties' compromise.  The parties, therefore, respectfully request that the Court

review the Agreement *in camera*, and as such, have provided a copy of the Agreement to the Court via electronic mail.

7. Moreover, the parties respectfully request that the Court approve the Settlement Agreement, and dismiss with prejudice all claims and causes of action asserted by Plaintiff in this action, with each party to bear its own costs and fees, except as provided pursuant to the Agreement.

WHEREFORE, the parties respectfully request that the Court grant this Motion to approve the Agreement and dismiss the Plaintiff's claims with prejudice.

## **MEMORANDUM OF LAW**

Employees can settle and release claims under the FLSA in two ways. First, employees can settle and waive their claims under the FLSA if the Secretary of Labor supervises the payment of unpaid wages by the employer to the employee. *See* 29 U.S.C. § 216(c) (2008); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under the FLSA, an employee may settle and release FLSA claims if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *See Lynn's Food Stores, Inc*., 679 F.2d at 1353; *see also D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946) (discussing propriety of allowing settlement of FLSA claims where district court has reviewed terms of settlement agreement).

In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated that:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus,

> when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

In the instant action, the Court should approve the parties' Agreement to resolve and release Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action that was adversarial in nature. The parties vigorously disputed the merits of this case, with Plaintiff contending that he was not properly compensated for overtime worked, and Defendants disputing Plaintiff's factual allegations. The parties each are represented by competent and experienced counsel who are well-versed in this area of the law. The parties entered into this settlement in recognition of the risks inherent in any litigation – specifically, for Plaintiff, the risk of no recovery, and for Defendants, the risk of a verdict against it on the merits. Because of these risks, the Agreement, which provides for a guarantee of significant compensation to Plaintiff, as well as the payment of attorneys' fees and costs to his counsel for prosecuting this matter, represents a fair and reasonable compromise of this matter.

Because the Agreement represents a fair and reasonable compromise over *bona fide* FLSA overtime disputes and was negotiated at arms' length, the Court should approve this settlement.

## CONCLUSION

The parties jointly and respectfully request that this Court approve the Agreement and dismiss all of Plaintiff's claims with prejudice. A proposed order granting the parties' request is attached to this motion as Exhibit 1.

4

Respectfully submitted this 14th day of January, 2016.

| | |
|---|---|
| */s/ Rainier Regueiro* | */s/Anne Marie Estevez* |
| Anthony M. Georges-Pierre, Esq. | Anne Marie Estevez |
| *Florida Bar No.* 53363 | *Florida Bar No.* 991694 |
| *Email:* agp@rgpattorneys.com | *Email:  aestevez@morganlewis.com* |
| Rainier Regueiro, Esq. | Morgan, Lewis & Bockius LLP |
| *Florida Bar No.* 115578 | 200 South Biscayne Boulevard, Suite 5300 |
| Remer & Georges-Pierre, PLLC | Miami, FL 33131-2339 |
| 44 West Flagler Street, Suite 2200 | Telephone:  305.415.3330 |
| Miami, FL 33130 | Facsimile:  877.432.9652 |
| Tel:  305.416.5000 | |
| Fax:  305.416.5005 | |
| | |
| *Attorney for Plaintiff* | *Attorney for Defendants* |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission or Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    *s/Anne Marie Estevez*
    Anne Marie Estevez

## SERVICE LIST

Anthony M. Georges-Pierre, Esq.
  *Florida Bar No.* 53363
  *Email:* agp@rgpattorneys.com
Rainier Regueiro, Esq.
  *Florida Bar No.* 115578
REMER & Georges-Pierre, PLLC
44 West Flagler Street
Suite 2200
Miami, FL 33130
Tel:  305.416.5000
Fax:  305.416.5005

Attorneys for Plaintiff
**Via CM/ECF**